UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| YARIV KATZ, individually, and on behalf of all other consumers, <br><br>   Plaintiff, <br><br> vs. <br><br>ROSE & ROSE LAW <br><br>   Defendant. | ) Case No.: <br> ) <br> ) <br> ) <br> ) <br> ) COMPLAINT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff, Yariv Katz (hereinafter "Plaintiff") alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Stamford, Connecticut.

1

5.  Defendant Rose & Rose, Law ("RR") is a business entity that regularly conducts business in Connecticut with its principal place of business located at 291 Broadway, 13th Floor, New York, NY 10007. RR regularly collects debts on behalf of others.

## FACTUAL STATEMENT

6. On or about April 2024, Rose Associates, Inc., a management company, sought to collect a debt from Plaintiff in connection with a residential lease in Manhattan, New York.

7. Plaintiff did not reside at the leased premises.

8. The lease is fraudulent.

9. On or about May 2024, Defendant initiated communication with Plaintiff in connection with the collection of said debt.

10. In Defendant's initial communication, and within five days thereafter, Defendant failed to provide Plaintiff his dispute rights, as required by the FDCPA.

11. In total, Plaintiff was in contact with Defendant on at least three separate occasions. On no occasion did Defendant identify itself as a debt collector.

12. Because Plaintiff did not receive his dispute rights, he was unable to properly invoke his rights, but submitting a dispute in writing.

13. While Plaintiff did dispute the debt with the Defendant, Defendant nonetheless communicated their communications with Plaintiff, asking him to prove that the debt was not his.

14. Plaintiff has suffered from annoyance and harassment as a result of Defendant's actions, and the communications in connection with this illegitimate debt.

## CLASS ACTION ALLEGATIONS

### The Class

15. Plaintiff brings this as a class action.

16. Plaintiff seeks certification of the classes, initially defined as follows:

    Class A: All consumers within the United States that were not sent the validation notice within five days of Defendant's initial communication in connection with the collection of a debt incurred primarily for personal or household use, within one year of filing this complaint through judgment.

    Class B: All consumers within the United States that were not sent provided the disclosure required by 1692e(11) within each of Defendant's communications in connection with the collection of a debt incurred primarily for personal or household use, within one year of filing this complaint through judgment.

17. Excluded from the Classes is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

18. Upon information and belief, Defendant has engaged in the same course of conduct, each of which violates consumer protection laws. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

19. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

20. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant is liable for any cause of action herein alleged; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

21. The Plaintiff's claims are typical of the claims of the Class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

22. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

23. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

24. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

25. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

26. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

27. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

29. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

30. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff realleges the above paragraphs as if recited specifically as set forth at length herein.

32. Defendant's false representations concerning the debt violate 15 U.S.C. §§ 1692e, e(2), e(8), e(10), f, and f(1).

33. Defendant's harassment violates 15 U.S.C. § 1692c(c) and 15 U.S.C. § 1692d.

34. Defendant's failure to provide the required disclosures violate 15 U.S.C. §§ 1692g(a) and 1692e(11).

35. Defendant's continued communications, without verifying the debt, violate 15 U.S.C. § 1692g(b).

    WHEREFORE, PLAINTIFF PRAYS that this court do the following:

        (1) Certify the class as described herein;

        (2) Appoint Plaintiff as Lead Plaintiff;

        (3) Appoint Zemel Law as lead counsel;

        (4) Award statutory and actual damages;

        (5) Award attorney's fees and costs.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

Dated: January 14, 2025

                                Respectfully Submitted,

                                *Daniel Zemel, Esq.*

                                ZEMEL LAW, LLC
                                400 Sylvan Ave.
                                Suite 200
                                Englewood Cliffs, New Jersey 07632
                                T: (862) 227-3106
                                F: (973) 282-8603
                                DZ@zemellawllc.com
                                Attorneys for Plaintiff